# Introduction:

This is a civil rights action filed jointly by Joshua R Slater and Jermaine C. McDaniels, state prisoners for damages and injunctive relief under 42 U.S.C § 1983 Alleging excessive use of force and denial of Medical Care, in violation of the Eighth Amendment and four teeth amendment to the united States Constitution and denial of Due-process and Using food as punishment. The Plaintiffs Also alleges the torts of Assault and battery and negligence. Jury trial demanded.

## Jurisdiction:

1.) The Court has jurisdiction over Plaintiffs claims of violation of federal Constitutional rights under 42 U.S.C § 1331 (1) and 1983

2.) The Court has supplemental jurisdiction over plaintiffs State law tort claims under 28 U.S.C § 1367.

## Parties:

3.) The Plaintiff's Joshua R Slater and Jermaine C McDaniels WAS incarcerated at South Central Corr. Center. (Licking) during the events discribed in this Complaint.

4.) Defendents William Smith, Cody Wilmurth and John Doe are Correctional officers employed at South Central Corr. Cen. The have acted "under color of State Law" by abusing and assaulting plaintiffs while in hand cuffs and Shackles.

5.) Defendant Scott Kern is a Sergant here at South Central He Acted "Under color of State Law" by using excessive force

and by not Reporting offender abuse and not Stopping its

6.) Defendant Arthor Hobbs is a Sergant here at South Central He Acted "under Color of State law" by using excessive force and by not reporting offender Abuse.

7.) Defendant Pamala Lewis is a lieutenant in charge of the Administrative Segregation unit at South Central. She acted "under color of State Law" by denying plaintiffs Due-process and using food as as punishment

8.) Defendant Shay Ultiom is a nurse here at South Central. Also the daughter of Pamala Lewis. She acted "under Color of State Law" by trying to cover up offender abuse by making a false report that the plaintiffs had "NO" "Clear Injuries" and denying medical treatment.

9.) Defendant Waylon Wilson is a fumtional unit Manager at South Central. He Acted "under of State law" by refusing plaintiff's Due-process

10) Defendant Timophy Hopping is a major here at South Central He Acted "under Color of State law" by denying plaintiffs

11.) Defendant Jason Lewis is the Deputy Director. He Acted "under color of State Law" by denying plaintiffs due-process and by Covering up offender abuse

C-2

12.) Defendant Heath Cantrell is the Deputy Warden here at South Central. He acted "under Color of State Law" by denying plaintiffs due-process and covering up offender Abuse.

13.) Defendant Katherine Barten is the Medical Administrator at South Central. She acted "under Color of State Law" by refusing plaintiffs adequate medical treatment.

14.) Defendant Dr. Ashok Chada is the Site Medical Director at South Central. He Acted "under Color of State Law" by denying plaintiff's *timely and adequate Medical care.*

15.) Defendant Christopher North is a Case worker at South Central. He Acted "under Color of State Law" by refussing plaintiff's due-process.

16.) Defendant Michella Buckner is the Warden at South Central She Acted "under Color of State Law" by refusing plaintiff's due-process Covering up offender abuse and not proptecting offenders at South Central from offender abuse & assault.

17.) Defendant John/Jane Does are in charge of reviewing all use of forces at South Central. They Acted "under olo color of state Law" by not protecting offenders from offender abuse & assault and by Covering up offender abuse and not reporting assaults battery and excessive use of forces

C-3

Statement of Claim:

A) Defendants, Buckner, Cantrell, J. Lewis, and John/Jane Doe C The use of force Committed the plaintiffs were assaulted and abused by staff as a result of a policy of biased investigations, and refusal to discipline staff Members who use excessive force. Which leaves staff free to commit assaults knowing, they will not be held accountable Superviors Can be held liable for the actions of their subordinates

1.) For setting in Motion a Series of acts by others. Which they knew or reasonably Should have known would cause others to inflict Constitutional injury.

2.) For Culpable action, or inaction in training, Supervision, or control of Subordinates; or for Conduct that shows a reckless or Callous indifferenced to the right of others.

3.) officials failed knowingly to protect from assault and was deliberate indifferenced to the plaintiffs need for Safety. Treatment that is Clearly excessive or deficient. and unjustified Caused unnecessary pain and injury, Shows flagrant Violation with No reasonable justification

4.) Superviors knew of the Violations failed to act To prevent them, but Continue to let them happen. officials was aware of widespread abuses. and with deliberate indifference to the inmates Constitutional rights, failed to take action to prevent further misconduct, Prison food must be nutritionally adequate. well balanced Meal Containing sufficient nutritional value To preserve health.

B.) Defendants Kern, Smith, Wilmurth. An accumulation of incidents Shows Systematic abuse. Each acted by Personal Participation or by acting, or failing to Act.

1.) With No justification defendant Kern Sprayed plaintiff in the face with Mace, than slam plaintiff with So much force on the ground. Plaintiff was Subdued and placed in handcuffs.

2.) While plaintiff was Subdued and placed in handcuffs (not Fighting Back or Struggling and while claimly being led by the arms heading out of the Sallyport that's when defendants Smit, steer plaintiff toward the wall And defendant Wilmurth Slam My head and face with all the force defendant Wilmurth could Knocking me out and Slipting my eye brow open. Plaintiff was Then dazed and Confused.

3.) Then led out side with blood Pouring down plaintiff face to the ground halfway across S house yard plaintiff than Stated: "Y'all See what they did To ME" and with No Warning at all the defendants slams the plaintiff on the Concert on Plaintiff face, Knocking plaintiff out again, at which time he jumped on me with his Knees. Unnecessary force was used Maliciously and Sadistically for no other reason then to inflict pain with enough force and brutality that it "Shocked C01 Ms Copper"

4.) Defendant Ms Copper "Scream Stop! Stop! that's enough." Plaintiff was unable to Walk or Stand on my own and was Carried on both arms to medical and Receive "7 Staples" To close the Top of plaintiffs face.

5.) What Commenced can be discribed as Nothing but torture, as defendant Smith, Wilmurth maliciously and Sadistically from his Statement to

John Doe as deliberate Indifference as he told ~~false~~ John Doe To Slam the Plaintiff for Talking. Than Smith Maliciously and evily Pick plaintiff off plaintiff feet Slaming his face on the ground Knocking Plaintiff out and defendant Smith juming on plaintiff with his Knees.

6.) Defendant Smith (19) days before because he was Not held accountible for and of his past assaults and Knowing he can get away with it on August 2, 2023 ~~faq~~ responened to another Use of force, Waited Til the Victim was once again in restraints with defendant Wilmurth Conce again escorting an offender) rammed plaintiff McDaniels head (face into the wall Spliting his eye brow open that took (7) staples to close up.

7.) Once again defendant Smith Waited until they Were out in front of 5 house Yard, on Concert, ~~to~~ without any Warning, Slammed Plaintiff on his head face again Knocking plaintiff McDaniels out. The Plaintiff ~~was~~ McDaniels was lucky enough to have an officer run up and do the Right thing (for once) and yelled at the defendants to stop beating plaintiff. (Co1 copper)

8.) Defendant Roach told plaintiff Slater She was outside with offender Champion and Seen the whole Scene and She was "Shocked" how they did plaintiff Slater. Though she was Shocked by the brutality, Defendant Roach stood and Watched for 20-30 minutes while They tortured the plaintiff as he ~~fear~~ laid there and begged for his life. She was deliberate indifferent to plaintiffs Screams for help. She Stood and did nothing. Even though She told plaintiff to put other officers down as witnesses She did not report nothing, or bring this horrifing assault to her Superviors

(6)

9.) Defendant Kern was deliberate indifferent to plaintiff McDaniels Cause defendants Wilmurth, and Smith admitted to him the reason they Slammed his head/face against the door frame as they were leading him out the front door was to get their "Lick" back but Kern did not report abuse.

10.) Plaintiff Slater was rolled to 1 house hanging from the chair Covered in mace; hands and wrists swollen and bleeding from Smith digging them into his flesh, bending his wrists back and squeezing the metal cuffs with all his might. with both hands until the metal went through flesh into bone. He was Made To Suffer excruciating pain for (4) hours, Covered in mace, hands Ice cold from lost of circulation wrapped up, so the mace would burn more. Someone even came in a few Seconds later to shot the fan off so the plaintiff would suffer. Maliciously and Sadistically to case pain and suffering, and clearly Constitutes Cruel and unusual punishment. After (4) hours of unbelieveable Cruelty and suffering Slater was given a cell but not given a shower to wash mace off for (3) days

11.) Failure to provide for decontamination Could be deliberate indafference and violates fourth Amendment reasonableness Standard. Pepper Spray with no offer of assistence when rendered helpless, and a refusal without Cause to alleviate (a weapons) harmful effects Constitutes excessive force, and deliberate indifference.

(6)

C.) Defendants P. Lewis, Hopping and Contrell by depriving a plaintiff Slater out of well balanced meals for (360) meals that contain sufficient nutritional value to preserve health is obviously unlawfully. Deprivation of adequate food, especially for so long, is a form of corporal punishment the defendants excuse that the defendant Slater was on S.S.O (Special Security Orders) is no excuse at all and is rendered moot by the fact that plaintiff McDaniels, who was also on S.S.O got hot meals in Styro-Containors, where plaintiff Slater was put on "SB" (Suicide Bags) when he wasn't on Suicide watch. His due-process was also violated, per policy that S.S.O is supposed to continue or discontinue based on plaintiffs behavior, but the steps and process of S.S.O were disregarded due to malicious intent, and not based on behavior, Both plaintiff Slater and McDaniels were given (90) days S.S.O even though Slater received <u>Zero</u> violations. Steps 6, 9 and 10 of South Central Administration Segregation policy was disregarded that Slaters that only if offenders Disruptive behavior constituted a "continued threat" after (14) days then after (30) days then (90) days can be given. Due-process was again violated for retaliatory purposes.

D.) Defendants North, Wilson, and J. Lewis denied the plaintiffs due-process by one, North summiting the plaintiffs a false, and duplicate IRR response. That he knew was a lie on Slater's and McDaniels IRR (Grievance) that for one, was word by word exactly the same, and two, that it was false, and a lie, but denied the plaintiff's grievances never the less; when he wrote that the noise de term dant.

injuries, he (Defendant North) knew to be false. Another nurse nurse took a photo of Slater's shredded face, and McDaniels got (7) staples on his eye-brow.

1) North knew this response to be false, because North was the Case manager for 1B-walk, and makes his rounds and talked to both plaintiffs at least (2) or (3) times a weeks. Slater not only had a scabbed face, but two black eyes, and McDaniels had a big white tape over his stitchs for over a week.

2) Wilson, who is Norths superior and reviews, and approves all reports and IRR responses nonetheless approved this lie. Defendant Cantrell also approved this lie, the grievance office Approved it, and Defendant J. Lewis denied plaintiffs due-process by his own words he "looked" at the IRR response and approved. Instead of "looking" at the evidence that is not only violates Plaintiff's due-process but shows deliberate in difference to plan plaintiff's guaranteed Constitution rights

E) Defendant shay vilom violated the plaintiffs rights by covering up offender abuse by lying on Medical "assessments" on offenders that's been in USE of forces. Law must entertain the possibility that health Care providers in a prison might bring Certain biases To work, especially when defendant #(7) who is the Lieutenant who is in Charge of offenders in Housing (1) that all USE of forces inmates get brought and the nurse who does the offenders "assessment" for injuries. and witness the ofter math of prisoners injuries, and who was <span style="color:blue">Case 6:24-cv-06064-RK   Document 1   Filed 12/29/24   Page 9 of 40</span> r.

(8)

1.) Deliberate indifference to Medical Care Constitutes Medical Malpractice and negligence. But to "cover-up" excessive use of forces violates the Eight Amendment and she pre-jured herself by falsifying reports and that ALSO make her guilted guilty of assault and battery.

2.) Defendants Chada and Barton who is the superviors in charge of All nurses here At South Central has to ultimately be held responsible by the lack of Medical treatment given to offenders here At South Central, especially when the lack of WAS brought to their attention through the volume of HSR's turned in but Also by grievances filed by plaintiffs, and other prisoners (50) days between SICK calls is not only unacceptable, but Shows deliberate indifference to plaintiff's medical needs and Constitutes Medical Malpractice and neligence. It took plaintiff slater (6) months to see Defendant chada for his Serious Medical needs only To give him "Tylend", and put him in for a x RAy (6) plus, months after the offender abuse.

3.) This disregard of offenders well being and serious Medical Care is just another form of South Central callous pattern of abuse.

4.) Defendants North, wilson, Chada, Barton, Contrell, Bucknerr, and J. Lewis by denying plan plaintiffs grievances I.R.R's and Appeals for No other reason then to hide their, and others misconduct clearly violates plaintiffs due-process and Constitutional Rights.

(9)

5.) The unjustified denial of conviction of a disciplinary offense with NO supporting evidence, and the failure to give a meaningful statement of reasons for the decisions are all violations of clearly established due-process principles.

(10)

Plaintiff Slater:

1.) The first even happened at South Central Correctional Center on July 13, 2023 at around 8:31 AM in housing unit 6, C-wing Cell 250 (Top walk)

2.) The Second event happened in front of housing unit 6

3.) The third event happened in housing unit 1

Plaintiff McDaniels:

4.) The first event happened at South Centeral Correctional Center on August 2, 2023 at around 10:15 AM in housing unit 5

5.) The Second event happened in-front of 5 house

6.) The denial of due process: denial of proper nutritional value food (and using food as punishment); denial of adequate medical treatment happened for 90 days from them dates to present day.

(D)

Facts: Plaintiff Slater

1.) On July 13, 2023 The plaintiff Joshua R. Slater was confronted in his cell 6C-250 (Top Walk) by defendants Scott Kern, Author Hobbs and numerous other officers to lock-up plaintiffs cell mate for a fight he was involved in with ~~the~~ three other offenders.

2.) When offender Champion was in handcuffs the plaintiff was surprised when the door opend again and defendant Kern told ~~plaint~~ plaintiff "You too- we seen the camera!"

3.) When the plaintiff protested that the four offenders who were fighting — on camera - were black and he was white and ~~wasn~~ wasn't involved. Defendant Kern turned towards defendant Hobbs and stated: "Give me that big mace can!"

4.) The plaintiff asked to see ( ~~defence~~ C I T ) Cris: Intervention Team and without any warning was assaulted with a blast of high power mace in the face.

5. The plaintiff felt many hands grab him and slam him on the ground.

6.) While on the ground the plaintiff felt blows rain down on his head stunning him. He Also felt fingers- hooked as claws dig into his eye sockets until he thought his eye-balls were about to pop out. He was "eye-gauged" so hard it blacked both of his eyes.

7.) Plaintiff also felt fingers "fish-hook" him in the mouth almost ripping the side of his checks.

8.) The defendants tried to cover up this assault by writing plaintiff (two) major violations because they said plaintiff "Bit them"

9.) In shock, the plaintiff was put in handcuffs and shackles and two officers led him by the arms, down the stairs and out of the housing unit He could not see because of the mace

10.) When the plaintiff was in the middle of the yard, He heard defendant Smith - by his voice - say: "Let's get the chair!" and the defendant slammed plaintiff on his face

11.) "Put him face down" Defendant Smith Shouted. when the plaintiff was face down on concert, and gravel, plaintiff was Defendant Smith grabbed the back of his head and rubbed his face on the ground - shredding the side of his face

12.) Defendant Smith continued to assault and abuse the plaintiff while he layed there in restraints — beg helpless and begging for him to stop

13.) "Shut the fuck up!" Defendant Smith Shouted as he continued to bend plaintiffs wrist back and dig the metal handcuffs into his flesh and squeese them to the bone

14.) Defendant Smith continued to assault and abuse the plaintiff for what seemed like 20-30 minutes as the plaintiff begged for him to stop and someone to help him—no one did.

15.) The chair finally arrived which is known as the "burrito" or "torture" chair because offenders are "hung" in the chair while the metal handcuffs and shackles cut into the flesh.

16.) The plaintiff was put into a helmet over the mace and was hung in the chair for (4) hours covered in mace while his body burned. His hands were so swollen, bloody and raw that they were Ice-cold from the lost of circulation. The wounds left scars around his wrist.

17.) The plaintiff could not see he heard the nurse take a picture of his bloody face.

18) The plaintiff was not given a shower or medical treatment and had to sleep covered in mace for three days.

19.) Defendant Nurse Villam came to the plaintiffs cell door to do an "assessment" and lied and wrote in her report that she did not see any injuries.

20.) Plaintiff was then put on S.S.O (Special Security orders) but policy was not followed and due-process was disregarded

E-5

21.) Defendant P. Lewis skipped due-process and used plaintiffs food as punishment putting him on "SB" (Suicide Bags) when plaintiff was not on suicide watch. He He was starved basically getting fed bread and water for (360) meals; not caring how his behavior was. (Note: Plaintiff did not get one violation in them (90) days) It was approved by defendant Hopping and condoned by defendants Buckner and Cantrell.

22.) Plaintiff seen his psychologist on 9-11-23. He did not know what a suicide bag was. Staff refused to talk to him.

23.) Around 7-15-23 Defendant Roach came to plaintiff's cell door and stated that she was outside with offender Champion and she was "shocked" how they did Plaintiff while in hard cuffs and told plaintiff to put COI Price and COI forture down as witnesses, because they would not lie for "them"

24. Even though Defendant Roach was "shocked" by the abuse and assault she witnessed she made no move to intervene or put a stop to the torture.

## Denial of medical Care

25.) Plaintiff put in numerous HSR's (Health Service Requests) and filed grievances and after (50) days after assault he was seen by a nurse, who "said" she put him in to see a docker.

26.) Plaintiff Slater put in numerous HSR's and grievances and was not seen by a nurse until November 27, 2023 (57) days after last sick call (10-2-23)

27.) Plaintiff seen Dr Chada on November 27, 2023 for a Chronic Care appointment and would not hear about nerve damage.

28.) Plaintiff again put in numerous H.S.R's and was again seen by a nurse on December 21, 2023 who "put" him in to see a docter.

29.) It wasn't until January 2024 until plaintiff seen Dr chada about the nerve damage in his hands. plaintiff showed chada that the tip of his thumb refused to move and told him the slain on his hands were numb. Defendant chada put him on "Tylenol" and put him in for an x ray even though he knew any broken bones would be healed (6) Monts after the fact and nerve damage don't show up on x-ray.

Denial of Due-Process:
30.) Plaintiff was found guitiy for (2) major assaults even though bites and scrotches is not by definition a major issue and does not -even by their policy and handbook. consistent with their wording these violations was used only to cover up abuse of plaintiff and assault and battery.

31.) Plaintiff was Starved for (360) meals no vitamin or other food which has the right nutritional value a grawn man needs to survive. Plaintiff lost (25) pounds before he was properly fed again

Facts: Plaintiff M'Daniels:

32.) On August 2, 2023 the plaintiff Jermaine C M'Daniels was in a physical altercation with Defendant wilmurth. Plaintiff was Subdued and placed in hand cuffs.

33.) Defendants Smith and wilmurth while escorting the plaintiff to Administrative Segregation the defendants — who were holding on to the plaintiffs arms while leading the plaintiff out of the Sallyport rammed the Plaintiff's head into the wall with all their force Knocking the plaintiff out and Spliting his eye brow open which he had to have (7) Staples to close up

34.) When Plaintiff Came to the, defendants were dragging the plaintiff outside. He was dazed and confused and had blood running down his face.

35) As they were passing other offenders plaintiff Stated: Look what they did to ME!" It was then Defendant Smith Slammed Plaintiff on his face on the Concert Knocking Plaintiff out again.

36.) The plaintiff Came to as Defendant Smith was kneeing him in the back and Sides, and heard Co.I Cooper run up and Scream: "stop! stop! that's enough!" or he would of kept beating the Plaintiff.

37.) Plaintiff was unable to walk and had to be Carried, due to his injuries, and beating.

## Denial of Medical Treatment:

38.) Beside the (7) Staples and taking them out medical refused to come see plaintiff, or answer H.S.R's and when the nurse did an "assessment" she wrote in her report that there were: "no clear injuries" again trying to cover up offender abuse here at South Central"

39.) The plaintiff had symptoms of a concussion but Medical was deliberate indifferent to his medical needs. Plaintiff filed a grievance after (20) days of no nurses picking up or passing out H.S.R's and had to get one from an officer.

40.) After numerous H.S.R's and grievances plaintiff was finally seen by a nurse on August 23, 2023 (21) day after assault and injuries and was given 'Alpha-Lipoic Acid 600mg cap.

41.) Plaintiff was denied mental health because he was told that the clinic is full at this time.

## Denial of due-process:

42.) To cover up assault plaintiff was given a violation for a #6.1 Inciting a Riot and a #2.1 mag major assault when there were no injuries and was found guilty on both.

43.) Defendant Korn came to the plaintiffs door and when asked if he seen what Wilmurth and Smith did to him he stated: "yeah. They said they wanted to get their "lick back" though numerous officers and offenders seen the assault

it was not reported, and was covered up by South Central Staff.

44.) Plaintiff seen investigater but his grievance and appeal was "denied" use of force was condoned by South Central Warden and supervisors and Deputy Directer and they said it was not excessive.

45.) This pattern of abuse with offenders, in and out of restraints has been going on for years to this day and is covered up not only by M.D.O.C officials but by Medical Staff, and all the way to the top. And has happened dozens if not hundreds of times. Most offenders don't even file grievances because M.D.O.C officials don't take responsibility for anything and we could give them a bible of proof and they will still say "Denied" on grievances citing lack of proof. The plaintiffs asks this court to hold these officials acountable for these shocking assaults, offender abuse, and excessive use of force.

46.) It's a known pattern that South Central officials use, use of force whenever they can and continue it until they have gotten their "Lick" in and often continue use of force long after it is over.

Claims for ~~put~~ relief

1.) The actions of defendants, Kern, Smith, hobbs, Wilmurth and Doe in using physical force against the plaintiffs without need or provocation, or in foiling to intervene To prevent the misuse of force were done maliciously and sadistically and constituted Cruel and Unusal punishment in violation of the eighth amendment of the united states Constitution.

2.) The defendants Kern, Smith, Hobbs, Wilmurth, and Doe in using physical force against the Plaintiffs without need or provocation Constituted the tort of assault and battery under the law of Missouri.

3.) The failure of defendants Buckner or Cantrell to take disciplinary or other actions to curb the known Pattern of physical abuse of inmates by defendants - and other officers Constituted deliberate indifference to the Plaintiffs and other prisoners Safety and Contributed to and proximately caused the abuse described violation of the Eighth Amendment rights and assault and battery.

4.) The Actions of defendants Lewis. and hopping using food as punishment and starving offenders- and of Cantrell, worth ~~and stovering offenders~~ and wilson upholding the disciplinary decision for (360) Meals, denied the plaintiffs due-process of Law in violation of the fourteeth Amendment to the united States Constitution.

5) The failure of defendants Chada, Barton and vilom to provide adequate medical care, and in a timely manner, Constitutes deliberate indifference to the plaintiffs Serious Medical needs in violation of the Eighth Amendment to the United States Constitution

6.) The failure of defendants Chada, Barton and vilom to provide adequate, and timely medical treatment Constitutes the tort of negligence under the Law of Missouri

7.) The failure of defendants John/Jane Does to take disciplinary or other actions to curb the known pattern of physical abuse of inmates by defendants — other officers and approve - Constituted deliberate indifference to the plaintiffs and other prisoners Safety and contributed to and proximately caused the abuse described violation of the Eighth Amendment rights and assault and battery.

8.) The failure of defendants Roach to intervene or stop said abuse Constituted deliberate indifference, To the plaintiffs and other prisoner's Safety caused the abuse described violation of the Eighth Amendment rights.

9.) The failure of defendants Jason lewis to take disciplinary or other actions to curb the known pattern of physical abuse of inmates by officers at South Central Constituted deliberate indifference to the plaintiffs and other prisoners Safety is in violation of the Eight Amendment rights.

Relief Requested:

Where fore plaintiffs request that the court grant the following Relief:

A) Issue a declaratory judgement Starting that:

1) The physical abuse of the plaintiffs by Smith, Wilmurth, Kern, Hobbs and Doe violated the plaintiffs rights under the Eighth Amendment to the United States cosnstitution and constituted an as assault and battery under State Law.

2) Defendants Buckner, Cantrell and J. Lewis failure to take Action to curb the physical abuse of prisoners violated the Plaintiffs rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under State law.

3. Defendants P. Lewis and Hopping violated the Plaintiffs rights to due-process and failure to provide nutritional value meals for a total of (360) Meals in violation of the Eighth and Four teeth Amendment to the united states ~~Consieti~~ Constitution and missouri State 217.240

4.) Defendants Chada, Barton, and uilam actions in failing to provide adequate Medical Care-and cover up abuse- Violated, and continue to violate the plaintiffs rights under the Eighth Amendment to the United States constitution

B) Issue an injunction ordering defendants chada, Barton or to their agents to:

1) Immediately orrange for the plaintiffs to be seen by a qualified physician and Specialist.

2) Immedia felt ~~carrannge for plaintiffs...~~

or other follow-up medical treatment to be evaluated by a medical practioner with expertise in the treatment and restoration of nerve damage and:

3.) Carry out without delay the treatment directed by a nerve specialist.

C.) Award compensatory damages in the following amounts:

1.) $500.000 jointly or severally against defendants Smith, Wilmurth, Kern, Hobbs, and Doe for the physical and emotional injuries sustained as a result of the plaintiffs beatings, injuries and pain and suffering.

2.) $350.000 jointly and severally against defendants Buckner, Cantrell, J. Lewis, Roach, Hopping, P. Lewis, North, Wilson and John Jane Does for injuries, emotional and physical, resulting from pain and suffering in connection with abuse of offenders, failure to protect, denial of nutritional food and denial of due-process.

3.) $175.000 jointly and severally against defendants Chada, Borton and Vilorm for the physical and emotional injury resulting from their failure to provide adequate medical care to plaintiffs and for lying about said abuse.

D.) Award punitive damages in the following amounts:

1.) $50.000 each against defendants Smith, Wilmurth, Kern, Hobbs and Doe.

2.) $30.000 each against defendants Buckner, Cantrell, J. Lewis, Roach, Hopping, P. Lewis, Jr. John, Jane Does

3).$^{#}$ 50.000 each against Chada, Barton and vilom.

E.) Grant Such other relief as many Appear that Plaintiffs is entitled.





**FROM:** Jermaine C. McDaniels #1332393
255 West High Way 32
Licking MO. 65542

**LEGAL MAIL!!**
**LEGAL MAIL!!**

SCREENED BY U.S. MARSHALS

**TO:**

U.S. Court Western
District Of Missouri
Thomas F. Eagleton U.S.
Courthouse
Office of the Clerk
400 E 9th st.
Kansas City MO. 64106

RECEIVED
2024 MAR -1 PM 12: 56
CLERK U.S. DIST. COURT
WEST DIST. OF MO
KANSAS CITY, MO

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018; All rights reserved.

eight is 70 lbs. For international shipments, the maximum weight is 4 lbs.